IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD ABOAGE | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RDB-12-2751 |
| | | CRIMINAL NO. RDB-09-166 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |

\*\*\*

## MEMORANDUM OPINION

Petitioner entered a guilty plea to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B). On March 17, 2010, he was sentenced to 36 months confinement in the U.S. Bureau of Prisons with 4 years supervised release, and ordered to pay a $100.00 special assessment. Judgment was entered the next day on March 18, 2010. *See United States v. Aboage*, Criminal No. RDB-09-166 (D. Md.) at ECF No. 67. Petitioner did not file a notice of appeal.

Some twenty-nine months later on September 14, 2012, Petitioner filed a Motion to Set Aside, Vacate or Correct a Sentence Pursuant to 28 U.S.C. § 2255, dated September 29, 2012. (ECF No. 90). He raised a number of generalized ineffective assistance grounds. On September 20, 2012, Petitioner was afforded an additional twenty-eight days to file a memorandum explaining why the Motion may be timely or why equitable tolling may apply.[1] *See Hill v. Braxton*, 277 F.3d 701, 706-07 (4th Cir. 2002). Although forewarned that the failure to file a dated and signed memorandum

---

[1] Petitioner's memorandum was to address the issue of why his Motion was timely filed under the prison mailbox rules, *see Houston v. Lack*, 487 U.S. 266, 272-73 (1988) (petition is deemed filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule), or why his Motion was subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2562 (2010); *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005) (one-year statute of limitations on petitions for federal habeas relief is subject to equitable tolling if a petitioner shows that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timelyifing of petition).

showing that his Motion should not be dismissed as untimely would result in dismissal of his Motion without further notice from this Court, Petitioner has failed to file any response to argue that his Motion is subject to statutory or equitable tolling or is otherwise timely.

As already indicated, criminal judgment was entered against Petitioner on March 18, 2010. He did not file an appeal within the fourteen day period set out under Fed. R. App. P. 4(b)(1)(A). Therefore his judgment became final for the running of the statute of limitations of § 2255(1) on April 2, 2010. See *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed federal criminal judgment "becomes final when the time for filing a direct appeal expires.") The Motion to Vacate, received for filing on September 14, 2012, is dated September 29, 2012.[2] The Motion was therefore filed in an untimely manner.

The one-year statute of limitations on § 2255 motions is subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. *See also Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010). To equitably toll the limitations period, a prisoner must have pursued his rights diligently and an "extraordinary circumstance" prevented timely filing. *Id.* at 2562; *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005) (one-year statute of limitations on petitions for federal habeas relief is subject to equitable tolling if

---

[2] The envelope in which the Motion was received was not electronically filed. Presumably, Petitioner misdated the signature date on the Motion. Affording the best-case scenario to the self-represented Petitioner, the Court deems the Motion to be filed, at the earliest, on August 29, 2012. Even with this generous construction, however, the Motion is untimely.

2

petitioner shows that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing of petition). The Court has examined all papers and concludes that Petitioner has failed to show "extraordinary circumstances" which would warrant equitable tolling of the filing deadline. For these reasons, the Motion shall be denied and dismissed as untimely.

When a district court dismisses a Motion to Vacate solely on procedural grounds, a certificate of appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made the required showing and no certificate of appealability shall issue. A separate Order follows.

Date: November 8, 2012

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE